Filed 12/17/21  P. v. Woods CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>  v.<br><br>BARRY WOODS,<br><br>   Defendant and Appellant. | C093035<br><br>(Super. Ct. No. 94833) |

Defendant Barry Woods appeals from the summary denial of his petition for resentencing under Penal Code section 1170.95.[1]  We shall affirm the order.

BACKGROUND

The facts underlying defendant's crimes, set forth in our partially published opinion *People v. Woods* (1992) 8 Cal.App.4th 1570 (*Woods*) affirming defendant's

---

[1]  Undesignated statutory references are to the Penal Code.

convictions, were as follows: Defendant, along with John Windham and several other accomplices, attacked Susan Allen and Trudy Johnson to find the whereabouts of a rival gang member who shot their friend. (*Id*. at p. 1577.) They then left Allen and Johnson's apartment and went to their parked car. "A few parking stalls away, Craig Chmelik and James McMahon were preparing to depart in Chmelik's Mustang. Noticing the pair, Woods drew a large handgun, loaded it, and fired six shots into the Mustang. McMahon was wounded, and Chmelik was killed." (*Ibid*.) Defendant was convicted of first degree murder of Chmelik, attempted murder of McMahon, and assaults with a firearm on Allen and Johnson, and it was found true that defendant used a firearm in the commission of the offenses and that he had served a prior prison term. (*Ibid*.)

Defendant appealed; we reversed a sentence enhancement but otherwise affirmed his conviction. (*People v. Woods, supra*, 8 Cal.App.4th at p. 1596.) One of defendant's contentions on appeal was that his "first degree murder conviction must be reversed because there was insufficient evidence of premeditation and deliberation." (*People v. Woods* (Aug. 24, 1992, C010320) [nonpub. portion].) We rejected this argument, "[g]iven [defendant's] violent mental state and the fact he took time to load his gun just prior to the shooting, a jury could infer [defendant] planned the killing even though the time for reflection was slight." (*Ibid*. ["we conclude the facts of this case support the jury's determination that the killing was premeditated and deliberated, i.e., in the first degree"].) We also noted there was no provocation by the victims. (*Ibid*.)

On June 2, 2020, defendant filed a petition for resentencing under section 1170.95. Defendant alleged he was found guilty of "first degree murder under the natural and probable consequences doctrine." In response to the People's motion to dismiss, defendant's counsel filed a reply brief, which attached the jury instructions from defendant's trial. The jury was instructed that to find defendant guilty of first degree murder, it had to find the murder was premeditated and deliberate. There was no instruction on felony murder.

On November 4, 2020, the trial court denied the petition. The court quoted from our opinion in *Woods* and then found: "[I]t is beyond a reasonable doubt that the jury did, in fact, convict [defendant] of first degree murder and attempted murder based on his role as the actual shooter and <u>not</u> on the natural and probable consequences doctrine. [¶] [Defendant] is neither eligible for nor entitled to relief under section 1170.95, and for that reason, he has failed to make the requisite prima facie showing." Defendant timely appealed from the trial court's order; after numerous granted requests to continue briefing in this matter, this case was fully briefed on September 8, 2021, and assigned to this panel on October 29, 2021.

## DISCUSSION

Defendant argues the trial court erred in denying his petition without an evidentiary hearing because he pleaded a prima facie case in his petition that he was convicted under the natural and probable consequences doctrine. We disagree.

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437). Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Effective January 1, 2019, the legislation amended sections 188 and 189.

Senate Bill No. 1437 also authorized, by adding section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if they could not have been convicted of murder because of Senate Bill No. 1437's changes to the definition of the crime. (See *People v. Lewis* (2021) 11 Cal.5th 952, 959; *People v. Gentile* (2020) 10 Cal.5th 830, 843.)

3

After the appointment of counsel and the opportunity for briefing, the trial court must consider the record of conviction to determine whether the petitioner had made a prima facie showing that they are entitled to relief. (*People v. Lewis, supra,* 11 Cal.5th at pp. 970-971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.) In making its preliminary assessment regarding whether the petitioner would be entitled to relief if their factual allegations were proved, the trial court does not engage in factfinding and must take petitioner's factual allegations as true. (*Ibid.*) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*) Prior appellate opinions in a defendant's case "are generally considered to be part of the record of conviction." (*Id.* at p. 972.)

The record of conviction here conclusively establishes defendant is ineligible for relief under Senate Bill No. 1437 as a matter of law. The jury instructions show that the jury had to find the killing premediated and deliberate to find defendant guilty of first degree murder. In our prior opinion, we affirmed defendant's conviction for first degree murder and concluded the jury's premeditation and deliberation finding was supported by substantial evidence. Defendant's conviction as the actual killer was also a critical aspect of our analysis of Windham's liability as accomplice to defendant's crimes. (*Woods, supra*, 8 Cal.App.4th p. 1590 ["the jury, if given the choice, could have determined it was not reasonably foreseeable [defendant] would commit the premeditated, cold-blooded killing of an innocent bystander, but that it was a reasonably foreseeable consequence that [defendant] might commit the necessarily included offense of second degree murder"]; *id.* at p. 1592 ["[Defendant], as the perpetrator, was not entitled to instructions on voluntary or involuntary manslaughter, assault with a deadly weapon, or any other lesser offense because the evidence did not suggest that his killing of Chmelik was

4

anything less than second degree murder"].) Defendant even acknowledges in his brief that we found "[defendant] was the actual killer during a robbery." Our prior conclusions on defendant's convictions are law of the case and are binding. (*Friends of Spring Street v. Nevada City* (2019) 33 Cal.App.5th 1092, 1106.)

Defendant, being the actual killer who killed with premeditation and deliberation, remains guilty of murder after the changes introduced to section 189 by Senate Bill No. 1437, and is therefore ineligible for relief under section 1170.95. (See §§ 189, subd. (e)(1), (2), 1170.95, subd. (a)(3).)

## DISPOSITION

The judgment (order) denying the petition is affirmed.



/s/
Duarte, J.

We concur:


/s/
Blease, Acting P. J.


/s/
Krause, J.